## Case No. 4,580.

In re EVERSON et al.

[1 MacA. Pat. Cas. 406.]

Circuit Court, District of Columbia. June, 1855.

Z. C. Robbins, for appellant.

MORSELL, Circuit Judge. They state the nature of their invention to "consist in an arrangement of transverse shafts, levers, connecting bars, attaching rods, pumps, and suction pipes upon a section of a sectional dock, in such a manner that a single engine or other motor can be made to pump out any number of sections, whether said sections be arranged close to each other or at any desired distance from each other, as circumstances may require, in the elevation of large or small vessels." They say: "What we claim as our invention, and desire to secure by letters patent, is the arrangement of parts by which we are enabled by a single first mover to pump the water from either side or both sides of any number of sections of a sectional dock, when arranged at any desired distance from each other, substantially as herein set forth, viz.: By means of the pumps e e f f, and the suction tubes f f, the side shafts D D, and their levers C C and h h, the central shaft E and its levers F and h, the detachable rods i i, and the actuating adjustable bars G G, or their equivalents, arranged and operating substantially as herein set forth." The commissioner in his opinion says: "The idea of constructing a floating dock in sections is by no means new, nor do the applicants claim to have originated the idea of dividing each section into two separate compartments for the purpose of more accurate adjustment. They only claim the contrivances and arrangements by which that adjustment is made, so that all may be moved by a single engine or other motor. The idea of using a single motor for this or analogous purposes is not new. (See the rejected application of Clare and Brown, among others.) The question presented is whether there is a patentable novelty in the particular devices and contrivances used in the present case. * * * Nothing more than ordinary skill and ingenuity would be required in that case, and the contrivance of the applicants is such as any competent mechanic acquainted with the subject of dock-building would have been likely to have made."

The first reason of appeal is because the commissioner overlooked what the appellants suppose the gist of their invention consists in; that is, that it allows the respective dock sections with which it is combined to be placed either in contact with each other or at any desired distances from each other. The second is because the commissioner's decision is based upon the ground that in contriving and perfecting their invention they have not exercised extraordinary ingenuity. Upon due notice having been given to the parties interested of the time and place appointed by me for hearing the appeal, the examiner on the part of the office produced the original papers and evidence in the cause, with said reasons of appeal and the grounds of the commissioner's decision in writing; and the appellant by his counsel filed his argument in writing, and submitted the said cause. As to the principle involved in the reasons of appeal relating to the degree of ingenuity to be manifested in the invention, the rule of patent law, as I understand it, is that in cases where the utility of the change and the consequences resulting therefrom (in case of a machine) are such as to show that the inventive faculty has been exercised, though in point of fact the change was the result of accident, the requisite test of a sufficient amount of invention may exist. But if, on the other hand, the change consists merely in the employment of an obvious substitute, the discovery and application of which could not have involved the exercise of the inventive faculty in any considerable degree, the change will then be treated as merely an unsubstantial, colorable variation, or a double use, and of course not patentable.

In the present instance, I think it appears from the drawings exhibited to the patent office on other occasions of applications for patents, and shown in this case, that an invention for pumping out the sections of a floating-dock with the required adjustments, when in contact with each other, by a single first mover, with appropriate arrangement of parts, is not new in a patentable sense; and although in the present instance there are changes in the arrangement of the parts, so as to effect the same thing when they (the connected dock sections), or any one of the number, are arranged at any desired distance from each other, I take this feature to be incidental to, and not a substantial change in, the principle; and generally, with respect to the changes relied on, they appear to me to be only additions of well-known agents of the same kind used in analogous cases with like effect. I think, therefore, that the decision of the commissioner was correct; and I do hereby affirm the same.